DENNIS, Judge,
dissenting.
I respectfully dissent.
The claim of each court in Orleans Parish to inherent powers is of equal rank and dignity with that of other courts. See La. Const. article V, §§ 14, et seq., § 32. Imbornone v. Early, 401 So.2d 953, 957 (La.1981) (Dennis, J. dissenting); 401 So.2d at 961 (per curiam, on rehearing).
The inherent powers doctrine which serves to shield the courts’ ability to judge independently and fairly from improper interference due to the actions or inactions of executive or legislative officials, necessarily is limited in several respects. A court asserting its inherent power has the burden of proving that its objective is reasonably necessary to its judicial function; such power should be used by courts only when the need is essential and the established means for fulfilling its needs have been exhausted; and the power may not be exercised arbitrarily. Some of the underlying policy considerations for careful scrutiny of *1317 the use of inherent power by a state’s highest court and restrictions placed on a doctrine are the dangers of undermining the public’s trust in the judiciary, giving the appearance of bypassing the electorate process, overspending the budget, and discouraging intergovernmental cooperation. Id. and authorities cited therein.
However, the inherent powers doctrine is based on the separation of powers which includes the concepts of checks and balances and functional differentiation and demands that the executive and legislative branches as well as the judiciary exercise powers with comity and respect for the functions and powers for the other independent branches of government. Id. Accordingly, a court’s regular operating funds should not be impounded or withheld without prior consultation with the judicial branch and the determination that the proposed fiscal measure affecting the courts is necessary and not unduly detrimental to the administration of justice.
The trial court, after adversary hearing, decided to preliminarily enjoin the implementation of the budget reduction plan. The court of appeal upset that decision without reasons. The trial court does not appear to have acted arbitrarily. It found that the judges made a sufficient showing that the plan would impair the efficient operation of the courts. Apparently, the trial court concluded that the city acted arbitrarily or without consultation and comity in requiring the courts to operate on a four day work week. Therefore, I would reinstitute the trial judge's decision at least until the court of appeal hears arguments on November 3, 1986.